## McCann *v.* Barclay, Appellant.

*Will—Rule in Shelley's case—Devise.*

Testatrix by will devised to her son as follows: "The two houses situated on Fourteenth street, is a lifetime lease it cannot be taken from you nor you cannot spend it but it is held to insure you something to live on during your lifetime, and at your decease if you have lawful heirs then all will fall to them but if not then my present residence to be sold the money to be distributed as follows," etc. *Held*, that the son took a fee under the rule in Shelley's case.

Submitted Oct 23, 1902. Appeal, No. 185, Oct. T., 1902, by defendant, from judgment of C. P. Beaver Co., Sept. T., 1902, No. 213, on trial by court without a jury in case of Francis McCann v. William P. Barclay. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit to determine marketable title to real estate.   Before WILSON, P. J.

The case was tried by the court without a jury, under the act of April 22, 1874.

The court entered judgment for plaintiff for $3,020.

*Error assigned* was in entering judgment for plaintiff.

*Frank E. Reader*, for appellant.

*William A. McConnell*, for appellee.

PER CURIAM, November 10, 1902:

The appellee who is the vendor in the articles of agreement for the sale of real estate to the appellant, is the vendee of the same from Samuel P. Anderson.   The latter's title is that of devisee of his mother Sarah Jane Anderson, under the following clauses in her will: " Third. The two small houses situated on Eighth avenue, you may dispose with them as you wish for your own benefit.   Fourth. The two houses situated on Fourteenth street, is a lifetime lease it cannot be taken from you ·nor you cannot spend it but it is held to insure you something to live on during your lifetime.   Fifth. and at your decease if you have lawful heirs then all will fall to them but if not then my present residence to be sold the money to be distributed as follows." Here follows a disposition of the proceeds.   On the authority of Bassett v. Hawk, 118 Pa. 94, the court below correctly held that Samuel P. Anderson took an estate in fee simple in the houses situated on Fourteenth street, and as to the Eighth avenue property devised to him absolutely, the statute of limitations had removed before the death of the testatrix any cloud that had been upon her title.

Judgment affirmed.